SECURITIES AND EXCHANGE COMMISSION, Plaintiff–Appellee,

v.

U.S. RESERVATION BANK & TRUST; Higher Investments Technologies, Inc.; Edward J. Driving Hawk, Sr.; Leo R. Driving Hawk, Sr.; John M. Adams; Edmund J. Smedley; Kenneth S. Harrison; Oyate Development, Inc.; HPHC Inc.; James R. Driving Hawk; Orpha Jane Johnston, Defendants,

and

Global–Link Capital Markets, Ltd.; William J. Herisko; Thomas T. Emerton, III, Defendants–Appellants.

No. 06–17231.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 17, 2008.

Filed Aug. 15, 2008.

Marshall Gandy, Securities and Exchange Commission, Ft. Worth, TX, William K. Shirey, Securities & Exchange Commission, Washington, DC, for Plaintiff–Appellee.

Ronald Herisko, Palm Springs, CA, for Defendants–Appellants.

Before: PAEZ and BERZON, Circuit Judges, and BAER, District Judge.*

## MEMORANDUM **

In this appeal, Defendants–Appellants challenge the district court's findings that (1) the two-part investment offering by United States Reservation Bank and Trust ("USRBT") was a "security" as defined in § 2(a)(1) of the Securities Act of 1933, 15 U.S.C. § 77b(a)(1), and § 3(a)(10) of the Exchange Act of 1934, 15 U.S.C. § 78c(a)(10), and (2) USRBT is not a "bank" within the meaning of § 3(a)(2) of the Securities Act, 15 U.S.C. § 77c(a)(2). Findings of fact are reviewed for clear error and upheld if, viewing the evidence in the light most favorable to the prevailing party, they are plausible in light of the record as a whole. *See SEC v. Rubera,*

---

* The Honorable Harold Baer, Jr., Senior United States District Judge for the Southern District of New York, sitting by designation.

** This disposition is not appropriate for publication and ma not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

350 F.3d 1084, 1093–94 (9th Cir.2003). "The district court's interpretation and construction of a federal statute are questions of law reviewed *de novo.*" *SEC v. Gemstar–TV Guide Int'l, Inc.,* 367 F.3d 1087, 1091 (9th Cir.2004). We affirm the district court's finding that the investment offered by USRBT was a security but conclude that it was unnecessary for the district court to reach the issue of whether USRBT is a "bank."

■ Whether USRBT is a "bank" is not relevant to whether it offered a "security" because both banks and broker-dealers of bank-issued securities are subject to the antifraud and broker-dealer registration requirements embodied in § 17(a) of the Securities Act, 15 U.S.C. § 77q(a), § 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and § 15(a)(1) of the Exchange Act, 15 U.S.C. § 78o(a)(1), which are the provisions at issue in the underlying enforcement action.

The plain language of Securities Act § 17(c) provides that the exemptions for bank securities in § 3(a)(2) do not extend to the antifraud provisions of § 17. Further, because the plain language of § 3(a) provides that the limited exemptions thereunder extend only to the Securities Act, § 3(a)(2) does not exempt banks from the Exchange Act, including the antifraud provisions of § 10(b) and the broker-dealer registration requirements of § 15(a)(1). Therefore, even if USRBT were a "bank" within the meaning of § 3(a)(2), USRBT and the broker-dealers of its securities would nevertheless be subject to the securities laws at issue in this enforcement action.

For the same reason, we need not reach the question of whether USRBT is exempted from the securities laws at issue here either as a public instrumentality of a U.S. "territory" within the meaning of § 3(a)(2) or as a tribal entity under 25 U.S.C. §§ 461–79.

■ The district court did not err when it found that the investment offered by USRBT, which consisted of a certificate of deposit ("CD") and a leveraged profit-sharing agreement, was a security. "The term 'security' means any note ... [or] investment contract...." Securities Act § 2(1), 15 U.S.C. § 77b(a)(1); Exchange Act § 3(a)(10), 15 U.S.C. § 78c(a)(10). The instrument was a note, and that conclusion is bolstered by the following facts: (1) its purpose was to raise funds for USRBT's financial investments; (2) the buyers' interest was in the profits to be generated by it; (3) Defendants–Appellants were retained by USRBT to sell it to as many buyers as possible; (4) it was sold to at least twenty investors or investor groups comprising several hundred underlying investors; (5) it was advertised in at least one newspaper; (6) a reasonable investor was likely to regard it as an investment since it was marketed as offering the greater of a fixed rate of return of 6.5% or 20% of the profits gained by use of the leveraged funds; and (7) unlike a CD issued by a national or state-chartered bank and insured by the Federal Deposit Insurance Corporation, the investment was not insured, guaranteed or subject to any alternative regulatory scheme that would reduce its risk. *See Reves v. Ernst & Young,* 494 U.S. 56, 66–67, 110 S.Ct. 945, 108 L.Ed.2d 47 (1990); *Marine Bank v. Weaver,* 455 U.S. 551, 558–59, 102 S.Ct. 1220, 71 L.Ed.2d 409 (1982) (emphasizing that investment in CD linked to profit-sharing agreement was "abundantly protected under the federal banking laws" where CD was FDIC-insured).

■ The investment was also an investment contract, and thus a security, because purchasers were required to make an investment of money in a common en-

terprise with the expectation of profits solely from the efforts of others. *SEC v. W.J. Howey,* 328 U.S. 293, 299, 66 S.Ct. 1100, 90 L.Ed. 1244 (1946).

 Finally, the instrument should be characterized as a security because its economic risk required the protections provided to investors by the federal securities laws. *See Tcherepnin v. Knight,* 389 U.S. 332, 336, 88 S.Ct. 548, 19 L.Ed.2d 564 (1967).

**AFFIRMED.**

